### MacGILL v. MacGILL.

(Circuit Court of Appeals, Seventh Circuit. May 22, 1925. Rehearing Denied July 16, 1925.)

No. 3538.

**1. Divorce ⬥316—Husband held not in position to urge that alimony decree was ever binding on him.**

Husband having refused for years to pay under alimony decree, because void for nonconformity with Burns' Ann. St. Ind. 1914, § 1088, cannot later assert that it was ever binding, and that contract made after decree to pay wife sum named in decree monthly was without consideration, because it amounted only to agreement to do what he was already bound to do by decree.

**2. Husband and wife ⬥278(2)—Indiana rule as to legality of alimony agreements stated.**

In Indiana, agreements for alimony are void only if made before or pending divorce proceedings, as inducement to procure divorce or not to contest.

**3. Divorce ⬥316—Contract to pay wife monthly sum held not without consideration.**

Contract between husband and wife, two days after she obtained decree for alimony of $250 per month, reciting consideration of the premises and further consideration of $1, held to preclude presumption that obligation to pay under decree was only consideration for contract; waiver of wife's right to appeal and to ask for modification of decree, which was in fact void, being good consideration.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by Frances G. MacGill against Robert A. MacGill. To review an order dismissing the suit, plaintiff brings error. Order reversed, with direction.

Edward J. Kelley, of Chicago, Ill., for plaintiff in error.

Carroll J. Lord, of Chicago, Ill., for defendant in error.

Before ALSCHULER, EVANS and PAGE, Circuit Judges.

PAGE, Circuit Judge. The parties are placed here as in the District Court. Defendant, in an Indiana court, obtained a decree for divorce against plaintiff, and she obtained a decree for the payment of $250 per month while she remained unmarried. Two days later the written contract here in question was made, by which defendant agreed to pay plaintiff the sum of $250 per month, as provided in the decree, and to convert insurance policies then on defendant's life, and to procure other new policies, so as to raise an annuity to pay the amount in case of defendant's death.

The District Court dismissed plaintiff's suit on the contract on the theory that the contract was without consideration. To sustain the order of dismissal, defendant urges:

[1, 2] (a) That contracts touching alimony, either before or after decree, are void. The Indiana cases cited hold only that agreements for alimony, made before or pending divorce proceedings, as an inducement to one to procure a divorce or to the other not to contest, are void, as against public policy. Some of the Illinois authorities relied on hold that a contract between the parties to change

a decree is not valid, unless approved by the court. Those cases so hold because in Illinois the courts retain jurisdiction to modify decrees for alimony. It is admitted that in Indiana the courts have no such jurisdiction.

[3] (b) The urge that defendant's agreement to pay alimony, which he was already obligated by the decree to pay, was without consideration, is without merit for several reasons. Defendant is here insisting that the decree requiring defendant to pay alimony while plaintiff remained unmarried is either void or voidable, at defendant's election, because it does not conform to section 1088 of Burns' Revised Statutes of Indiana of 1914. He has for years refused to pay under that decree, and may not here urge that it was ever binding on him. After reciting the decree, and defendant's desire to provide for plaintiff, because of their former relations, the contract provides:

"Now, therefore, in consideration of the premises and in further consideration of the sum of $1, cash in hand paid, the receipt whereof is hereby acknowledged, and other good and valuable consideration, it is hereby agreed," etc.

Those provisions preclude any presumption that the obligation to pay under the decree was the only consideration for the contract. The contract was made two days after the entry of the decree, and during the term. Plaintiff had the right to appeal, the right to move for a new trial, and to ask for the modification of the decree so that it would conform to the statute. The waiver of any of those rights was a good consideration. Union Bank v. Geary, 30 U. S. (5 Pet.) 99, 114, 8 L. Ed. 60; Elliott & Co. v. Lagonda (D. C.) 205 F. 152, 156. From the fact that defendant paid for plaintiff's support from the time of separation, and then, after he had a decree against her for a divorce, consented to an order on himself to pay the same amount, and two days later, not only recited in the contract that he desired to provide for her support, and did so provide, but went beyond the terms of the decree and secured its payment in case of his death, there is raised a very strong presumption that there were good and valuable considerations not disclosed. Undoubtedly, if asked, the court would have made a good decree. Maybe a good decree would have been a lien upon real estate and hampered defendant. Maybe plaintiff was beneficiary under the policies, without the right in defendant to make a change. Possibly the divorce was granted for impotency, in which case there would have been very compelling reasons why plaintiff should have had a sound decree for alimony. The contract was valid upon its face.

The order of dismissal is reversed, with direction to proceed in harmony with this opinion.